UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-5561-BFM **Date:** October 19, 2026

**Title:** *Akshdeep Singh v. Mark Bowen, et al.*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Denying Petition (ECF 1)**

Petitioner Akshdeep Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 22, 2026. (ECF 1 ("Pet.").) The Court denied the Petition but granted leave to amend. (ECF 9.) Petitioner did so, alleging a claim that Respondents' failure to obtain a warrant before detaining him violated § 1226(a). (ECF 10 ("FAP").) For the reasons stated below, the First Amended Petition is **denied**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at Adelanto ICE Processing Center. (Pet. ¶ 17.) He was inspected and lawfully admitted to the United States in October 2022 on a nonimmigrant visa. (Pet. ¶ 23.) Petitioner has, since his admission, maintained stable employment and set down community ties in this country. (Pet. ¶ 25.)

On September 17, 2026, Petitioner was on his way to work when he was stopped by an unmarked vehicle. ICE officers were apparently conducting an operation targeted at someone who was not Petitioner, and in that pursuit, they stopped a car in which Petitioner was a passenger. (ECF 6-1 (I-213) at 2.) According to the I-213, an ICE officer asked Petitioner if he was willing to

answer a few questions while another officer spoke to the driver. (I-213 at 2.) Petitioner said he was. (I-213 at 2.) The officer asked him questions concerning his citizenship, and "determined that he had no legal documents." (I-213 at 2.) According to the I-213, within minutes of the initial stop, a "first-line supervisor" authorized the issuance of an administrative warrant for Petitioner. (I-213 at 2-3.) A warrant was issued that same day. (ECF 11-1 at 1.) Petitioner was transported to the ICE office, where an initial custody determination was made. Petitioner requested a custody redetermination by an IJ but has not yet received it. (ECF 11-1 at 2.) He has been in custody since his arrest.

The First Amended Petition raises solely a statutory claim. (FAP ¶¶ 53-70.) The FAP is fully briefed (ECF 11 ("Answer"); (ECF 12 ("Reply")) and is ready for decision.

## II. Analysis

Petitioner argues that he was detained in violation of § 1226(a) because no warrant was issued before he was arrested. (FAP ¶¶ 53-70.) He urges the Court *not* to grant a bond hearing, but instead, to release him. (FAP at 13.)

Based on the facts presented, if there was any violation of § 1226(a) on these facts, it was a slight one. The I-213 reflects that officers asked questions, confirmed their suspicion concerning Petitioner's immigration status, called back to their supervisor to get authorization for a warrant, and the warrant was authorized. (I-213 at 2.) Only then was Petitioner transported to the ICE office. (I-213 at 2.) An initial custody determination was made less than three hours after his arrest. (ECF 11-1 at 2.) And an NTA was issued the following morning. (ECF 6-2 at 1.) If there was some slight delay in completing the warrant that had already been authorized, it would not warrant Petitioner's

release, at least not under the circumstances presented here—i.e., where a supervisor had authorized the warrant before Petitioner was taken into custody and where an initial custody determination and a notice to appear quickly followed arrest. *See Nunez Yanez v. Mullin*, No. 26-CV-4934-RSH-MSB, 2026 WL 2790862, at *3 (S.D. Cal. Sep. 17, 2026) (collecting cases finding that slight variations from the statutory requirements of § 1226(a) do not justify habeas relief); *Tsendayush v. Bondi*, No. 5:26-cv-00970-SB-KES, 2026 WL 1880177, at *2 (C.D. Cal. June 30, 2026) (rejecting similar sequencing claim because "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody").

Respondent argues that not even a bond hearing should be ordered here. The Court declines to consider whether ordering a bond hearing would be appropriate, as Petitioner has specifically disclaimed that he is requesting such relief. (FAP at 12; Reply at 6.)

## III. Conclusion

Accordingly, the Petition is **denied** with prejudice. Judgment shall be entered accordingly.

Initials of Preparer: ch